**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KENA L. STENNIS (MARINO), | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 23-00483-KD-B |
| | * | |
| NOLAN P. MARINO, *et al.*, | * | |
| | * | |
| **Defendants.** | * | |

<u>ORDER</u>

Plaintiff Kena L. Stennis (Marino) ("Stennis"), who is proceeding without counsel, filed a civil complaint against Defendants Nolan P. Marino, Tysianna Marino, and Kristie Marino, along with a motion to proceed without prepayment of fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned finds that Stennis' complaint fails to state a basis for this Court's jurisdiction and violates federal pleading standards, and that Stennis' motion to proceed without prepayment of fees is deficient.

**I.    Complaint (Doc. 1).**

In her complaint,[1] Stennis asserts that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §

---

[1] Stennis utilized a form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for her complaint. (<u>See</u> Doc. 1).

1331 because the "Supremacy Clause" is at issue in this case. (Doc. 1 at 3).  Although Stennis does not allege that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, she asserts that the amount in controversy in this action is more than $75,000, because "Robert Marino's Estate exceeds 75,000."  (See id. at 3-4).

When prompted on the complaint form to write a short and plain statement of her claim, Stennis states: "Robert Marino had no will nor any mention of a will befor[e] his passing.  Per Nolan P. Marino."  (Id. at 4).  When prompted to state the relief she is requesting, Stennis states: "Punitive damages due to civil rights violations, human rights violations and all other violations including malpractice causing substantial hardships involving heirs of Robert B. Marino.  Violations sharing Southern Border human rights and other border violations."  (Id.).  Stennis attaches to her complaint a copy of the Last Will and Testament of Robert B. Marino, along with various other documents that appear to have been filed in or otherwise relate to Baldwin County Probate Court Case No. 41264, In Re: Estate of Robert Marino, Deceased. (Doc. 1-1).

## II. The Complaint Fails to Allege Facts Establishing This Court's Subject Matter Jurisdiction.

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types

of actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Federal Rule of Civil Procedure 8(a)(1) states that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  A plaintiff must affirmatively allege facts establishing the existence of jurisdiction.  Taylor, 30 F.3d at 1367.  "And it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether a court can hear a claim."  DeRoy v. Carnival Corp., 963 F.3d 1302, 1311 (11th Cir. 2020).  When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over her case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency."  Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013).

There are two primary types of subject matter jurisdiction given to federal district courts.[2]  First, under 28 U.S.C. § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A plaintiff properly invokes federal question jurisdiction under § 1331 when she "pleads a colorable claim 'arising under' the Constitution or laws of the United States."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  However, a claim nominally invoking federal question jurisdiction under § 1331 "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  Id. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

Second, under 28 U.S.C. § 1332, district courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every

---

[2] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Stennis does not cite or rely upon a specific statutory grant of jurisdiction.  (See Doc. 1).

plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

After careful review of Stennis' complaint, the undersigned finds that it fails to set forth any valid basis for this Court's subject matter jurisdiction. As noted, Stennis asserts that federal question jurisdiction exists in this case because the "Supremacy Clause" is at issue. (Doc. 1 at 3). The Supremacy Clause of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. However, "the Supreme Court has unambiguously held" that the Supremacy Clause "provides no private right of action." Ga. Voter All. v. Fulton County, 499 F. Supp. 3d 1250, 1255 (N.D. Ga. 2020); see Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 324–25 (2015) ("[T]he Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action. It instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so.") (internal citations and quotation marks omitted). Stennis has alleged no clash between state and federal law requiring the application of the Supremacy Clause, and her extremely limited factual allegations do not implicate the Supremacy Clause in any

5

way.  Consequently, Stennis does not state a colorable claim under the Supremacy Clause.

Moreover, given that this action apparently involves a probate dispute between family members, Stennis' unexplained references to "civil rights violations, human rights violations[,] and . . . [v]iolations sharing Southern Border human rights and other border violations" in her prayer for relief appear to be immaterial and nonsensical.

Based on the foregoing, the undersigned finds that Stennis' complaint fails to present any colorable federal issue or claim and thus does not provide the Court with a basis to exercise federal question jurisdiction over this action.  See, e.g., Curbow v. Alabama, 2006 U.S. Dist. LEXIS 109617, at *3, 2006 WL 8436711, at *1 (N.D. Ala. Jan. 31, 2006) ("Mr. Curbow's dispute appears to solely involve probate, an exclusively state matter.  Accordingly, there is no basis for federal question jurisdiction."); Woodfaulk v. Lamar, 2007 U.S. Dist. LEXIS 97462, at *16 (M.D. Fla. Dec. 20, 2007) (stating that plaintiff's claims regarding alleged errors in the administration of his mother's estate and acts and omissions of the personal representative "are solely matters of state law, and do not raise a federal issue under 28 U.S.C. § 1331"), report and recommendation adopted, 2008 U.S. Dist. LEXIS 17852, 2008 WL 650444 (M.D. Fla. Mar. 7, 2008).

Stennis does not allege that diversity jurisdiction exists in this case, but to the extent her assertion that the amount in controversy exceeds $75,000 can be construed as an attempt to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, the complaint lacks sufficient information to satisfy the jurisdictional inquiry because it fails to allege the citizenship of any party.  A party invoking diversity jurisdiction must allege the citizenship of each party as of the time suit is filed in federal court, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.[3]  Travaglio, 735 F.3d at 1268.  Stennis lists a Mississippi address for herself and an Alabama post office box address for Defendant Nolan P. Marino. (Doc. 1 at 1-2).  However, Stennis provides no addresses for Defendants Tysianna Marino and Kristie Marino; more importantly, she does not list the citizenship of any party.  (See id. at 2-4).  Therefore, Stennis' complaint does not allege sufficient facts to invoke this Court's diversity jurisdiction.[4]

---

[3] "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367.  The citizenship of a natural person is the person's place of domicile, which requires both residence in a state and an intention to remain in that state indefinitely. Travaglio, 735 F.3d at 1269.

[4] The undersigned notes that federal courts "have recognized an exception to federal diversity jurisdiction in cases involving state probate matters."  Stuart v. Hatcher, 757 F. App'x 807, 809 (11th Cir. 2018) (per curiam).  This "probate exception" applies (Continued)

Moreover, the Rooker-Feldman[5] doctrine bars claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Thus, to the extent the state court probate proceedings that appear to be at issue in this case concluded before this action commenced, and Stennis complains of injuries caused by any final judgments issued by a state court and seeks this Court's review of such judgments, the Rooker-Feldman jurisdictional bar applies to her claims. See Pendleton v. Braswell, 2021 U.S. Dist. LEXIS 101849, at *6-8, 2021 WL 2492467, at *3-4 (M.D. Ala. May 27, 2021) (where plaintiff contended that he did not receive inheritances due to him upon the probate of his

---

only to cases the resolution of which would require a federal court to (1) probate or annul a will, (2) administer an estate, or (3) "dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). The probate exception does not "bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Id. at 312. Further, Eleventh Circuit case law "provides that the probate exception applies to federal diversity jurisdiction, but not federal question jurisdiction." Ullrich v. Ullrich, 2021 U.S. Dist. LEXIS 253344, at *27, 2021 WL 6884736, at *9 (M.D. Fla. Sept. 3, 2021) (citing cases).

[5] The doctrine takes its name from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

great aunt's estate, finding that plaintiff's "claims attacking the probate of his great aunt's estate are within the bounds of the Rooker-Feldman doctrine" and that the "court therefore lacks subject matter jurisdiction over these claims"), report and recommendation adopted, 2021 U.S. Dist. LEXIS 113553, 2021 WL 2483131 (M.D. Ala. June 17, 2021).

Additionally, under the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), "a federal court should abstain from hearing a case when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) the plaintiff has an adequate opportunity to raise [her] constitutional challenges in the state-court proceedings." Shuler v. Meredith, 144 F. App'x 24, 26 (11th Cir. 2005) (per curiam) (citing Middlesex Cty. Ethics Comm'n. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Accordingly, to the extent Stennis seeks injunctive relief with respect to ongoing probate proceedings in state court (see Doc. 2 at 1), her claims are barred by the Younger abstention doctrine. See Jones v. Law, 2017 U.S. Dist. LEXIS 66643, at *5-6, 2017 WL 2347683, at *2 (M.D. Ala. May 1, 2017) ("[T]o the extent Plaintiff seeks injunctive relief related to the ongoing probate proceedings, the claims are barred under the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971)."), report and recommendation

adopted, 2017 U.S. Dist. LEXIS 81724, 2017 WL 2346841 (M.D. Ala. May 30, 2017).

To be sure, the Court must liberally construe Stennis' *pro se* pleadings.   See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for Stennis or rewrite her otherwise deficient pleading in order to sustain this action. See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).   Furthermore, as a *pro se* litigant, Stennis is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).   And, even when Stennis' complaint is given the most liberal construction possible, there is no factual basis for federal jurisdiction stated on its face.

### III.  The Complaint Fails to Comply with Federal Pleading Standards.

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted).   Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).   Moreover, "[i]f doing so would promote clarity, each claim founded on a

separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015). Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. See, e.g., Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006).

Stennis' complaint fails to meet the basic pleading requirements set out above. The complaint violates Rule 8(a)(2) because it provides little, if any, indication of what legal claims Stennis is attempting to assert in this action and the factual grounds for such claims. The entirety of Stennis' putative claim in this action is that "Robert Marino had no will nor any mention of a will befor[e] his passing . . . [p]er Nolan P. Marino." (Doc. 1 at 4). Other than this vague and facially innocuous assertion, the complaint is devoid of factual context and lacks even a single allegation of misconduct on the part of any Defendant. Indeed, after listing Tysianna Marino and Kristie Marino as Defendants, Stennis fails to mention them again in her complaint, much less

identify any acts or omissions for which they (or Nolan P. Marino) are being sued.

To the extent Stennis is relying on the complaint's attachments to convey the substance of her claims, such reliance is improper because it violates Rule 8(a)(2)'s requirement that a plaintiff provide a "short and plain statement" of her claims, as well as Rule 8(d)(1)'s directive that a complaint's allegations must be "simple, concise, and direct." See Fed. R. Civ. P. 8(a)(2) & 8(d)(1). Neither the Court nor the Defendants are "required to sift through attachments to a complaint to discern whether a claim exists." Conde v. Truck Drivers & Helpers Loc. Union No. 728, 2017 U.S. Dist. LEXIS 190984, at *20, 2017 WL 5588932, at *6 (N.D. Ga. Oct. 25, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 190980, 2017 WL 5573024 (N.D. Ga. Nov. 20, 2017).

In sum, Stennis' complaint violates federal pleading standards because it leaves the reader guessing as to why she is suing the Defendants and blatantly violates the requirement that a complaint provide adequate notice of a plaintiff's claims and the factual grounds upon which each claim rests.

**IV.  Order to Amend Complaint.**

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289,

1291 (11th Cir. 2018) (quotation omitted).  Moreover, "leave to
amend should be freely granted when necessary to cure a failure to
allege jurisdiction properly."  <u>Majd-Pour v. Georgiana Cmty.
Hosp., Inc.</u>, 724 F.2d 901, 903 n.1 (11th Cir. 1984).

Accordingly, Stennis is **ORDERED** to file, on or before **February
5, 2024**, an amended complaint that states a valid basis for this
Court's subject matter jurisdiction and addresses and corrects the
pleading deficiencies noted in this order, to the extent she is
able to do so.  Stennis must plead her claims with sufficient
specificity to conform to Rules 8 and 10 of the Federal Rules of
Civil Procedure.  This includes: (1) identifying her pleading as
an amended complaint; (2) identifying the grounds for this Court's
jurisdiction and alleging facts that show the existence of subject
matter jurisdiction; (3) making clear which claim(s) for relief or
cause(s) of action she is asserting against each Defendant; (4)
providing the specific factual grounds upon which each of her
claims for relief or causes of action are based; (5) specifying
the conduct that each Defendant is alleged to have engaged in with
respect to each claim for relief or cause of action asserted
against that Defendant; and (6) stating the relief she seeks.

Stennis is informed that a complaint must contain sufficient
factual matter to state a facially plausible claim for relief.
<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  "A claim has facial
plausibility when the plaintiff pleads factual content that allows

13

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of her claim.  Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).  A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Stennis' amended complaint will replace her original complaint.  Therefore, the amended complaint shall not rely upon, reference, or seek to incorporate by reference the original complaint.  See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (stating that the original complaint is considered abandoned and is no longer a part of the pleader's allegations against her adversary when an amended complaint is filed).

Stennis is hereby **cautioned** that if she fails to file an amended complaint within the ordered time, or if she files an amended complaint that fails to address and correct the deficiencies in her original complaint that are described in this

14

order, the undersigned will recommend that this action be dismissed.

## V.   The Motion to Proceed Without Prepayment of Fees is Deficient.

Upon review of Stennis' motion to proceed without prepayment of fees (Doc. 2), the undersigned finds the motion to be incomplete and internally inconsistent. Despite alleging that she is unemployed, Stennis failed to respond to Question 2 in Section V (EMPLOYMENT) of the motion form, which directs unemployed parties to list their date of last employment and the amount of salary and wages received per month in their last employment. (See id. at 2). Stennis also failed to respond to Questions 3.a. and 3.b. in Section V, which ask for her spouse's monthly or weekly income and her spouse's job title. (See id.). Additionally, Stennis indicates that she has no money held in banks or anywhere else, that she has not received any monies during the last twelve months, and that her only asset is a vehicle worth $8,000, but elsewhere she represents that her monthly rent is $850 and that she receives alimony ranging from $200-$600 biweekly. (See id. at 2-3).

Accordingly, Stennis' motion to proceed without prepayment of fees (Doc. 2) is **DENIED without prejudice.** Stennis is **ORDERED** to file a new motion to proceed without prepayment of fees on or before **February 5, 2024.** In her new motion, Stennis shall carefully and completely respond to **each** applicable question in

the form so as to aid the Court in determining whether she should be permitted to proceed without prepayment of fees. Stennis must include information that adequately explains how she is providing for life's basic necessities, including food, clothing, and shelter. To the extent she is receiving assistance (such as food stamps or other government aid, family assistance, or assistance from a charity or other nonprofit entity), she must detail the type and amount (if applicable) of such assistance and identify each individual or entity providing such assistance. Stennis is informed that her new motion to proceed without prepayment of fees must convey a complete and accurate picture of her entire financial situation. In lieu of filing a new motion to proceed without prepayment of fees, Stennis may pay the **$405.00** filing fee for a civil action on or before **February 5, 2024**.

Stennis is cautioned that the failure to fully comply with this order within the required time, or the failure to immediately notify the Court of any change in her address, will result in a recommendation that this action be dismissed.

The Clerk is **DIRECTED** to send Stennis a copy of this Court's Pro Se Litigant Handbook. Stennis is encouraged to review the handbook carefully and utilize it in drafting her amended complaint, so as to avoid repetition of the pleading deficiencies identified herein.

**DONE** this **4th** day of **January, 2024.**

/S/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE