IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENA L. STENNIS (MARINO),    *
                                 *
    Plaintiff,              *
                                 *
vs.                          * CIVIL ACTION NO. 23-00483-KD-B
                               *
NOLAN P. MARINO,          *
                               *
    Defendant.              *

<u>REPORT AND RECOMMENDATION</u>

This action is before the Court[1] on review of Plaintiff Kena LaJuan Marino's amended complaint and motion to proceed without prepayment of fees (Docs. 5, 6). Upon consideration, and for the reasons set forth below, the undersigned recommends that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction, or alternatively, because Plaintiff's amended complaint violates the Federal Rules of Civil Procedure and disregards this Court's previous order.

I.    <u>BACKGROUND</u>

On December 29, 2023, Plaintiff Kena LaJuan Marino[2] ("Plaintiff"), proceeding without counsel, filed a complaint and

_____

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

[2] Plaintiff listed her name as "Kena L. Stennis (Marino)" in her original complaint. (Doc. 1 at 1, 5). Plaintiff now lists her name as "Kena LaJuan; Marino" in her amended complaint. (Doc. 5 at 1, 5).

a motion to proceed without prepayment of fees.  (Docs. 1, 2).  In her original complaint,[3] Plaintiff named Nolan P. Marino, Tysianna Marino, and Kristie Marino as Defendants.  (Doc. 1 at 2).  Plaintiff asserted the existence of federal question jurisdiction based on the "Supremacy Clause."  (Id. at 3).  Although Plaintiff did not invoke diversity jurisdiction, she alleged that the amount in controversy in this action was more than $75,000 because "Robert Marino's Estate exceeds 75,000."  (See id. at 3-4).

When prompted on the complaint form to write a short and plain statement of her claim, Plaintiff stated: "Robert Marino had no will nor any mention of a will befor[e] his passing.  Per Nolan P. Marino."[4]  (Id. at 4).  When prompted to state the relief she was requesting, Plaintiff wrote: "Punitive damages due to civil rights violations, human rights violations and all other violations including malpractice causing substantial hardships involving heirs of Robert B. Marino.  Violations sharing Southern Border human rights and other border violations."  (Id.).  Plaintiff attached to her complaint a copy of the Last Will and Testament of Robert B. Marino, along with various other documents apparently

---

[3] Plaintiff utilized a form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for both her original complaint and her amended complaint.  (See Docs. 1, 5).

[4] Unless otherwise indicated by brackets, quoted language from Plaintiff's *pro se* filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

filed in or relating to Baldwin County Probate Court Case No. 41264, In Re: Estate of Robert Marino, Deceased. (Doc. 1-1).

In an order dated January 4, 2024, the undersigned informed Plaintiff that her complaint failed to set forth any valid basis for this Court to exercise subject matter jurisdiction. (Doc. 3 at 5). The Court noted that the Supremacy Clause of the United States Constitution afforded Plaintiff no private right of action and further explained that Plaintiff's "extremely limited factual allegations [did] not implicate the Supremacy Clause in any way". (Id. at 5-6). The Court also noted that because "this action apparently involves a probate dispute between family members," Plaintiff's "unexplained references to civil rights violations, human rights violations[,] and . . . [v]iolations sharing Southern Border human rights and other border violations' in her prayer for relief appear[ed] to be immaterial and nonsensical." (Id. at 6). Accordingly, the undersigned found that Plaintiff's complaint failed to present any colorable federal issue or claim and thus did not provide the Court with a basis to exercise federal question jurisdiction over this action. (Id.).

The undersigned also noted that to the extent Plaintiff's assertion regarding the value of Robert Marino's estate could be construed as an attempt to invoke this Court's diversity jurisdiction, the complaint lacked sufficient factual information

to establish the existence of diversity jurisdiction because it failed to allege the citizenship of any party. (Id. at 7).

The Court further explained: "[T]o the extent the state court probate proceedings that appear to be at issue in this case concluded before this action commenced, and [Plaintiff] complains of injuries caused by any final judgments issued by a state court and seeks this Court's review of such judgments, the Rooker-Feldman jurisdictional bar applies to her claims." (Id. at 8). The Court also noted that to the extent Plaintiff sought injunctive relief with respect to ongoing probate proceedings in state court, her claims were barred by the Younger abstention doctrine. (Id. at 9).

The Court informed Plaintiff of the applicable pleading standards for a complaint in federal court, including what is required to state a claim for relief, the requirements of Federal Rules of Civil Procedure 8 and 10, and the prohibition against "shotgun pleadings" which violate those rules and fail to provide adequate notice of a plaintiff's claims. (Id. at 10-11, 13-14). The Court noted that Plaintiff's complaint violated these pleading standards "because it [left] the reader guessing as to why she [was] suing the Defendants and blatantly violate[d] the requirement that a complaint provide adequate notice of a plaintiff's claims and the factual grounds upon which each claim rests." (Id. at 11-12).

4

The Court ordered Plaintiff to file "an amended complaint that states a valid basis for this Court's subject matter jurisdiction and addresses and corrects the pleading deficiencies noted in this order, to the extent she is able to do so." (Id. at 13). The Court provided the following directives for Plaintiff to adhere to when drafting her amended complaint:

> [Plaintiff] must plead her claims with sufficient specificity to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure. This includes: (1) identifying her pleading as an amended complaint; (2) identifying the grounds for this Court's jurisdiction and alleging facts that show the existence of subject matter jurisdiction; (3) making clear which claim(s) for relief or cause(s) of action she is asserting against each Defendant; (4) providing the specific factual grounds upon which each of her claims for relief or causes of action are based; (5) specifying the conduct that each Defendant is alleged to have engaged in with respect to each claim for relief or cause of action asserted against that Defendant; and (6) stating the relief she seeks.

(Id.).

Plaintiff was cautioned that if she filed an amended complaint that failed to address and correct the noted deficiencies in her original complaint, the undersigned would recommend that this action be dismissed. (Id. at 14-15). The undersigned directed the Clerk of Court to send Plaintiff a copy of this Court's Pro Se Litigant Handbook and encouraged Plaintiff to review the handbook carefully and utilize it in drafting her amended complaint, so as to avoid repetition of her pleading errors. (Id. at 16).

Additionally, the Court found Plaintiff's motion to proceed without prepayment of fees to be incomplete and internally inconsistent. (Id. at 15). Accordingly, the Court denied the motion without prejudice and ordered Plaintiff to file a new motion to proceed without prepayment of fees that conveyed a complete and accurate view of her financial situation. (Id. at 15-16).

In response to the Court's order, Plaintiff timely filed an amended complaint and a new motion to proceed without prepayment of fees. (Docs. 5, 6). Plaintiff's amended complaint lists Nolan P. Marino as the sole Defendant. (Doc. 5 at 2). In the amended complaint, Plaintiff again attempts to invoke federal question jurisdiction based on her assertion that the "Supremacy Clause" is at issue. (Id. at 3). Plaintiff does not invoke diversity jurisdiction, but she repeats her allegation that the amount in controversy is more than $75,000 because "Robert Marino's Estate exceeds 75,000." (See id. at 3-4).

When prompted on the complaint form to write a short and plain statement of her claim, Plaintiff states: "Robert Marino had no will, nor any mention of a will before his passing. Per Nolan P. Marino." (Id. at 4). For relief, Plaintiff requests:

> Punitive damages in violation of human rights civil rights and all other basic rights violations. These violations include identification fraudulences ongoing more than two or three decades creating unprecedented catastrophic national security risks leading to the southern border crises. Human rights violations including human trafficking, cybersecurity risks,

6

stalkings, and other crimes against humanity. Loss of generational wealth, including inheritances, trusts, sovereign rights.

(Id. at 4-5).  Plaintiff attaches a signed document with a notary stamp which states: "I Kena LaJuan; Marino own all rights to Kena LaJuan; Marino."  (Doc. 5-1).

## II.  LEGAL STANDARDS

### A.    Subject Matter Jurisdiction.

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Federal Rule of Civil Procedure 8(a)(1) states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  A plaintiff must affirmatively allege facts establishing the existence of jurisdiction.  Taylor, 30 F.3d at 1367.  "And it is the facts and substance of the claims alleged, not the

jurisdictional labels attached, that ultimately determine whether a court can hear a claim." <u>DeRoy v. Carnival Corp.</u>, 963 F.3d 1302, 1311 (11th Cir. 2020).  When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over her case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." <u>Travaglio v. Am. Exp. Co.</u>, 735 F.3d 1266, 1268 (11th Cir. 2013).

Federal district courts have subject matter jurisdiction in two primary types of cases.[5]  First, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when she "pleads a colorable claim 'arising under' the Constitution or laws of the United States." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 513 (2006).  However, a claim nominally invoking federal question jurisdiction under § 1331 "may be dismissed for want of subject-matter jurisdiction if it is not

---

[5] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).  Plaintiff does not cite or rely upon a specific statutory grant of jurisdiction, so the Court will not address that type of subject matter jurisdiction.  (<u>See</u> Doc. 5).

colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

Second, district courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a)(1). "Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).

**B.   Federal Rules of Civil Procedure 8 and 10.**

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015). Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Id.</u> at 1323.

**C.   *Pro Se* Litigation.**

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

**III.  <u>DISCUSSION</u>**

Plaintiff's amended complaint does not provide a basis for federal subject matter jurisdiction and utterly fails to address and correct the pleading deficiencies outlined in the Court's order dated January 4, 2024.

10

Plaintiff continues to assert that federal question jurisdiction exists in this case because the "Supremacy Clause" is at issue. (Doc. 5 at 3). The Supremacy Clause of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. However, as the Court previously informed Plaintiff, "the Supreme Court has unambiguously held" that the Supremacy Clause "provides no private right of action." Ga. Voter All. v. Fulton County, 499 F. Supp. 3d 1250, 1255 (N.D. Ga. 2020); see Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 324–25 (2015) ("[T]he Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action. It instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so.") (internal citations and quotation marks omitted). Plaintiff has alleged no clash between state and federal law, and her threadbare factual allegations do not implicate the Supremacy Clause in any way. Accordingly, Plaintiff's invocation of the Supremacy Clause fails to present a colorable federal issue or claim.

Moreover, given that this action apparently involves a dispute between family members over the "executorship" of a

deceased relative's estate (<u>see</u> Doc. 6 at 1), the unexplained references to "human rights[,] civil rights[,]" "national security risks leading to the southern border crises[,]" "crimes against humanity[,]" and "sovereign rights" appear to be immaterial and nonsensical and provide no basis for federal question jurisdiction.

In summary, notwithstanding Plaintiff's immaterial references to the Supremacy Clause and other arguable federal issues, this action appears to solely involve a probate dispute between family members, which is a matter of state law. <u>See</u> <u>Curbow v. Alabama</u>, 2006 U.S. Dist. LEXIS 109617, at *3, 2006 WL 8436711, at *1 (N.D. Ala. Jan. 31, 2006) ("Mr. Curbow's dispute appears to solely involve probate, an exclusively state matter. Accordingly, there is no basis for federal question jurisdiction."); <u>Woodfaulk v.</u> <u>Lamar</u>, 2007 U.S. Dist. LEXIS 97462, at *16 (M.D. Fla. Dec. 20, 2007) (stating that plaintiff's claims regarding alleged errors in the administration of his mother's estate and acts and omissions of the personal representative "are solely matters of state law, and do not raise a federal issue under 28 U.S.C. § 1331"), <u>report</u> <u>and recommendation adopted</u>, 2008 U.S. Dist. LEXIS 17852, 2008 WL 650444 (M.D. Fla. Mar. 7, 2008). Thus, like its predecessor, Plaintiff's amended complaint is devoid of any colorable federal claim or issue and thus does not provide this Court with any basis to exercise federal question jurisdiction over this matter.

Plaintiff does not allege that diversity jurisdiction exists in this case, but to the extent her assertion that the value of Robert Marino's estate exceeds $75,000 can be construed as an attempt to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, the amended complaint lacks sufficient information to satisfy the jurisdictional inquiry because it fails to allege the citizenship of any party.  As the Court previously informed Plaintiff, a party invoking diversity jurisdiction must allege the citizenship of each party as of the time suit is filed in federal court, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.[6]  Travaglio, 735 F.3d at 1268.  Plaintiff does list a Mississippi address for herself and an Alabama post office box address for Defendant Nolan P. Marino.  (Doc. 5 at 1-2).  However, Plaintiff fails to allege the citizenship of either party, despite the form complaint's specific directions to list the parties' citizenship if the basis for jurisdiction is diversity of citizenship.  (See id. at 3-4).  Because the amended complaint fails to allege the citizenship of either party, it lacks sufficient factual allegations to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.

---

[6] "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367.  The citizenship of a natural person is the person's place of domicile, which requires both residence in a state and an intention to remain in that state indefinitely. Travaglio, 735 F.3d at 1269.

Accordingly, this action is due to be dismissed for lack of subject matter jurisdiction.

Assuming *arguendo* that Plaintiff's allegations regarding residence and the value of Robert Marino's estate are sufficient to establish diversity jurisdiction, the amended complaint still warrants dismissal.  First, the Rooker-Feldman[7] doctrine bars claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  Thus, to the extent the state court probate proceedings that appear to be at issue in this case concluded before this action commenced, and Plaintiff complains of injuries caused by any final judgments issued by a state court and seeks this Court's review of such judgments, the Rooker-Feldman jurisdictional bar applies to her claims.  See

---

[7] The doctrine takes its name from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  "The Rooker-Feldman doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1281 (11th Cir. 2018).  The purpose of the doctrine is "to ensure that the inferior federal courts do not impermissibly review decisions of the state courts—a role reserved to the United States Supreme Court." Id.

Pendleton v. Braswell, 2021 U.S. Dist. LEXIS 101849, at *6-8, 2021
WL 2492467, at *3-4 (M.D. Ala. May 27, 2021) (where plaintiff
contended that he did not receive inheritances due to him upon the
probate of his great aunt's estate, finding that plaintiff's
"claims attacking the probate of his great aunt's estate are within
the bounds of the Rooker-Feldman doctrine" and the "court therefore
lacks subject matter jurisdiction over these claims"), report and
recommendation adopted, 2021 U.S. Dist. LEXIS 113553, 2021 WL
2483131 (M.D. Ala. June 17, 2021).

Further, under the abstention doctrine announced in Younger
v. Harris, 401 U.S. 37 (1971), "a federal court should abstain
from hearing a case when (1) the proceedings constitute an ongoing
state judicial proceeding, (2) the proceedings implicate important
state interests, and (3) the plaintiff has an adequate opportunity
to raise [her] constitutional challenges in the state-court
proceedings." Shuler v. Meredith, 144 F. App'x 24, 26 (11th Cir.
2005) (per curiam) (citing Middlesex Cty. Ethics Comm'n. v. Garden
State Bar Ass'n, 457 U.S. 423, 432 (1982)). Thus, to the extent
Plaintiff seeks injunctive relief with respect to ongoing probate
proceedings in state court (see Doc. 2 at 1), her claims are barred
by the Younger abstention doctrine. See Jones v. Law, 2017 U.S.
Dist. LEXIS 66643, at *5-6, 2017 WL 2347683, at *2 (M.D. Ala. May
1, 2017) ("[T]o the extent Plaintiff seeks injunctive relief
related to the ongoing probate proceedings, the claims are barred

15

under the abstention doctrine announced in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).”), <u>report and recommendation adopted</u>, 2017 U.S. Dist. LEXIS 81724, 2017 WL 2346841 (M.D. Ala. May 30, 2017).

Additionally, federal courts “have recognized an exception to federal diversity jurisdiction in cases involving state probate matters.” <u>Stuart v. Hatcher</u>, 757 F. App’x 807, 809 (11th Cir. 2018) (per curiam). This “probate exception” applies only to cases the resolution of which would require a federal court to (1) probate or annul a will, (2) administer an estate, or (3) “dispose of property that is in the custody of a state probate court.” <u>Marshall v. Marshall</u>, 547 U.S. 293, 311-12 (2006). The probate exception does not “bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.” <u>Id.</u> at 312. Therefore, to the extent resolving Plaintiff’s claims would require this Court to engage in the kinds of tasks that are reserved to the state probate courts, the Court lacks subject matter jurisdiction over such claims.

More broadly, the amended complaint violates this Court’s repleading order and fails to satisfy the basic pleading standards for a complaint in federal court. The entirety of Plaintiff’s putative claim in this action is that “Robert Marino had no will, nor any mention of a will before his passing . . . [p]er Nolan P. Marino.” (Doc. 5 at 4). However, this vague and facially innocuous assertion plainly fails to convey an identifiable cause

16

of action or claim for relief.  As the Court previously noted with respect to Plaintiff's substantially similar initial complaint, the amended complaint is devoid of meaningful factual context and lacks any direct allegations of wrongdoing by the Defendant.  For these reasons, Plaintiff's amended complaint violates Federal Rule of Civil Procedure 8(a)(2) and fails to provide notice of the claim(s) she is making and the grounds upon which each claim rests.  See Weiland, 792 F.3d at 1323; Fed. R. Civ. P. 8(a)(2).

The Court observes that Plaintiff made no more than a cursory attempt to comply with the repleading order dated January 4, 2024.  In that order, the Court pointed out the glaring deficiencies in the original complaint and provided Plaintiff with specific pleading instructions to assist her in rectifying these deficiencies when drafting her amended complaint.  The Court specifically warned Plaintiff that if she filed an amended complaint that failed to address and correct the pleading deficiencies described in the Court's order, the undersigned would recommend that this action be dismissed.  Plaintiff disregarded the Court's pleading instructions almost entirely and filed an amended complaint containing threadbare and nonsensical allegations that are almost identical to those made in the original complaint.

"Once a district court gives a plaintiff fair notice of the specific defects in the complaint and a meaningful chance to fix

them, dismissal with prejudice on shotgun pleading grounds is proper if a plaintiff files an amended complaint afflicted with the same defects." Halstead v. Espinoza, 2023 U.S. App. LEXIS 5529, at *4, 2023 WL 2399288, at *2 (11th Cir. Mar. 8, 2023) (per curiam) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) ("Here, after being put on notice by Defendants of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments . . . . The District Court should have dismissed the amended complaint with prejudice because . . . the amended complaint was incomprehensible.")); see also Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) ("If Pelletier had refused to comply with the court's directive to file a repleader in conformity with the rules of civil procedure, the court could have dismissed the complaint under Fed.R.Civ.P. 41(b), on the ground that Pelletier failed to comply with Fed.R.Civ.P. 8(a) and (e) to provide a short, clear, and concise statement of the claim.") (citations omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008).

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P.

41(b); <u>Betty K Agencies, Ltd. v. M/V Monada</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." <u>Zocaras v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006) (citing <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630–31 (1962)).  To dismiss an action with prejudice for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." <u>Betty K Agencies</u>, 432 F.3d at 1339.  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon</u>, 863 F.2d at 837.

As described above, the Court's previous order explained in detail why Plaintiff's original complaint did not allege a basis for federal subject matter jurisdiction and did not provide adequate notice of Plaintiff's claims and their underlying factual grounds.  The Court provided instructions on how to correct the identified deficiencies and formulate a proper complaint.  The Court also warned Plaintiff that failure to address and correct the noted deficiencies would result in a recommendation that this action be dismissed.  In disregard of the Court's warning and

19

instructions, Plaintiff filed an amended complaint that contains almost all of the same fundamental deficiencies and pleading errors identified by the Court previously.  Indeed, other than removing two defendants, Plaintiff defiantly elected to stand on her woefully deficient pleading.  Based on the foregoing, the Court concludes that Plaintiff is unwilling, and perhaps unable, to revise her pleading to comply with the Federal Rules of Civil Procedure and this Court's orders, and there is no indication that any further opportunities to amend would lead to improved results.  Accordingly, this action is due to be dismissed for Plaintiff's failure to comply with the Court's order and Rule 8(a)(2)'s requirement that a complaint contain a short and plain statement showing entitlement to relief.[8]

**IV.   CONCLUSION**

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction, or in the alternative, for Plaintiff's failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure and with the Court's order.[9]

---

[8] Because this action is due to be dismissed, the undersigned takes no action on Plaintiff's motion to proceed without prepayment of fees (Doc. 6).

[9] Dismissal for lack of subject matter jurisdiction "must be without prejudice." McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1313 (11th Cir. 2021).  However, based on Plaintiff's (Continued)

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

---

lackluster attempt to draft an amended complaint that complies with Rule 8(a) and this Court's pleading directives, the undersigned recommends that Plaintiff be denied further leave to amend.

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **9th** day of **February, 2024.**

                                    **/S/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**